RAMALLO BROTHERS PRINTING, INC., demandante y recurrido, *v.* FEDERAL EXPRESS CORPORATION, demandado y peticionario.

*Número:* CE-86-837 *Resuelto:* 13 de diciembre de 1991

500

502

504

*Francisco Ponsa-Flores*, abogado de la peticionaria; *Antonio Juan Bennazar Zequeira*, de *González, Bennazar & Colorado*, abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

La corporación demandante, Ramallo Brothers Printing, Inc. (en adelante Ramallo) presta servicios de imprenta y producción de material gráfico y publicitario. La empresa demandada, Federal Express Corporation (en adelante Federal Express), se dedica al transporte mediante paga de correspondencia, documentos y paquetes entre distintos puntos de Estados Unidos y Puerto Rico. Durante varios meses ambas partes mantuvieron una relación comercial estable y más o menos contínua. Mensualmente, la demandante enviaba alrededor de cuarenta (40)

o cincuenta (50) paquetes a Estados Unidos, utilizando los servicios de correo privado provisto por Federal Express. Cada envío se hacía sujeto a los términos contractuales pactados en una "carta contrato" pre-impresa que, como requisito previo a toda entrega, debía completar por escrito Ramallo. Una de las cláusulas de la misma establecía que: *"LA RESPONSABILIDAD DE FEDERAL EXPRESS [POR EL VALOR DE LOS OBJETOS TRANSPORTADOS] SE LIMITA A LA CANTIDAD DE $100.00,* a no ser que la remitente declare un valor mayor por el envío y pague, además, un cargo adicional de 30 centavos por cada $100.00 de valor declarado." (Traducción nuestra y énfasis en el original.) *Exhibit* 9, pág. 50.

Para el año de 1983, Ramallo trabajaba en la elaboración del material gráfico que uno de sus mejores clientes presentaría en el comienzo de una nueva campaña publicitaria. La naturaleza de la campaña, su método de preparación y el itinerario de producción acordado con el cliente hacían imperativo que Ramallo remitiera parte de los materiales, con urgencia y absoluta seguridad, a un laboratorio fotográfico en Miami, Florida. Ramallo empacó una remesa de diapositivas a color, transparencias y otros materiales de publicidad; gestionó los servicios de entrega rápida de Federal Express para su transportación al continente. A esos efectos, y según la práctica usual, una empleada autorizada de Ramallo suscribió la "carta contrato" Núm. 639–411–301 en la cual se expresaba, entre otras cosas, la dirección física del destinatario en Florida. En el apartado provisto para consignar el valor de los materiales a transportarse *no se declaró valor alguno en exceso de cien dólares ($100).* Estando ya en control del mismo, la empresa transportista extravió el paquete contentivo de los materiales anteriormente mencionados. Como resultado, el envío nunca arribó a su destino; los mencionados materiales jamás fueron localizados.

El 30 de mayo de 1984, Ramallo demandó ante el Tri-

bunal Superior de Puerto Rico, Sala de San Juan, a Federal Express por incumplimiento de contrato y daños. La demanda exigía la suma de ocho mil setecientos dólares ($8,700) por el valor de los materiales extraviados. Transcurrido un (1) mes desde la radicación del pleito, la empresa transportista notificó formalmente a Ramallo una oferta consintiendo a que se dictase sentencia en su contra por la suma de cien dólares ($100), más las costas devengadas hasta ese momento. Ramallo no aceptó.

Posteriormente, el tribunal de instancia dictó *sentencia sumaria* a favor de Ramallo. Mediante la misma condenó a Federal Express al pago de cien dólares ($100) en favor de la demandante Ramallo. De inmediato, Federal Express solicitó la "modificación" de la sentencia. En la moción que a esos efectos radicara, argumentó que la demandante Ramallo no había obtenido una sentencia "más favorable" a la oferta de sentencia que ella le había hecho al amparo de las disposiciones de la Regla 35.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III; razón por la cual Ramallo alegadamente venía obligada a pagar las costas, gastos y honorarios de abogado incurridos por ella con posterioridad al rechazo de su oferta. El tribunal de instancia denegó la petición de Federal Express. En reconsideración, dicho foro se reafirmó en su denegatoria. Adujo, *como fundamento principal de la misma*, que:

> La Regla 35.1 está diseñada específicamente para casos en que se ha hecho una oferta de sentencia y el demandante insiste en que se celebre un juicio, con todo lo que ello implica en términos de costas para el Estado y las partes: testigos, peritos, pago de dietas, millaje, taquígrafos y funcionarios de Sala, entre otros. No está pensada dicha regla para casos resueltos por sentencia sumaria. Para que opere la Regla 35.1, se requiere que se haga la oferta, que la misma sea rechazada y que se entre al juicio en sus méritos. *Exhibit* 23, págs. 135–136.

El foro de instancia, *como fundamentos adicionales de su denegatoria,* señaló que "no procede la imposición de

costas y honorarios bajo la Regla 35.1, porque la sentencia obtenida por la demandada fue igual, pero no más favorable, que la oferta héchale al demandante" (*Exhibit* 23, pág. 138) y que para que proceda la imposición de honorarios de abogado, bajo la Regla 35.1 de Procedimiento Civil, ante, debe "haber una expresa determinación previa de temeridad ... es decir, una conclusión específica, y ésta descansa en la discreción del tribunal juzgador" (íd., pág. 137).

Inconforme, Federal Express recurrió —vía *certiorari*— ante este Tribunal. Expedimos el auto solicitado. Estando en condiciones de resolver el recurso radicado, procedemos a así hacerlo.

## I

█ La Regla 35.1 de Procedimiento Civil, según enmendada en 1966, ante, dispone:

*35.1. Oferta de sentencia*
 *En cualquier momento antes de los diez (10) días precedentes al comienzo del juicio, la parte que se defiende de una reclamación podrá notificar a la parte adversa una oferta para consentir a que se dicte sentencia en su contra por la cantidad o por la propiedad o en el sentido especificado en su oferta, con las costas devengadas hasta ese momento.* Si dentro de los diez (10) días siguientes a la notificación la parte adversa notificare por escrito que acepta la oferta, cualquiera de las partes podrá presentarla junto con la notificación de su aceptación y la prueba de su notificación, y entonces el secretario del tribunal dictará sentencia. Si no fuere así aceptada, será considerada como retirada y la misma no será admisible en evidencia, excepto en un procedimiento para determinar costas, gastos y honorarios de abogado. *Si la sentencia que obtuviere finalmente la parte a quien se le hizo la oferta no fuera más favorable, ésta tendrá que pagar las costas, gastos y honorarios de abogado incurridos con posterioridad a la oferta.* El hecho de que se haga una oferta y ésta no sea aceptada no impide que se haga otra subsiguiente. Cuando la responsabilidad de una parte haya sido adjudicada mediante sentencia pero queda aún por resolverse en procedimientos ulteriores la cuantía de los daños o extensión de dicha responsabilidad, la parte cuya responsabilidad se haya adjudi-

cado podrá notificar una oferta de sentencia y la misma tendrá el mismo efecto que una oferta hecha antes de[l] juicio si se notifica dentro de un término razonable no menor de diez (10) días antes del comienzo de la vista. (Énfasis suplido.)

Como podemos notar, la transcrita disposición reglamentaria establece la forma y manera —relativa a los términos y procedimiento a seguir— en que una parte demandada puede notificar una oferta de sentencia, señalando adicionalmente las consecuencias específicas resultantes de la aceptación o rechazo de dicha oferta de sentencia por la parte demandante. La citada regla sólo contempla las ofertas que oportunamente hace "la parte que se defiende de una reclamación". Esto es, no considera en absoluto la posibilidad de una *oferta formal* de sentencia, con el objetivo de ponerle fin al pleito, de parte del demandante. La disposición procesal en controversia vislumbra la formulación de ofertas de sentencia en dos (2) situaciones: (a) antes del juicio y (b) en un procedimiento bifurcado, después que la responsabilidad del demandado "ha sido adjudicada mediante sentencia". En ambas situaciones, si el demandante acepta la oferta "cualquiera de las partes podrá presentarla ... y entonces el secretario del tribunal dictará sentencia". Regla 35.1 de Procedimiento Civil, ante. Si la oferta es rechazada, se considera retirada y "la misma no será admisible en evidencia, excepto en un procedimiento para determinar costas, gastos y honorarios de abogado". Íd.

Como resulta obvio, el *"propósito básico* de la Regla 35.1 de Proc. Civil es *fomentar* las transacciones". (Énfasis suplido.) *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, 115 D.P.R. 711, 716 (1984). Véanse: Notes of Advisory Committee on Rules—1946 Amendment, Fed. Rules Civ. Proc., Rule 68 (28 U.S.C. App.); 12 *Wright and Miller, Federal Practice and Procedure* Sec. 3001 (1973); 7 *Moore's Federal Practice* Sec. 6802 (1991). Dicho propósito u objetivo se lo-

gra al proveérsele a las partes —en específico, a la parte demandada— un mecanismo procesal mediante el cual puede transigir la acción radicada antes de la celebración del juicio en aquellos casos donde existe una gran probabilidad de que el demandante prevalezca y al establecer una *sanción* para el demandante —consistente la misma en el pago de costas y honorarios de abogado— que rechaza la oferta formal de transacción, insiste en continuar adelante con su causa de acción y luego obtiene un remedio por sentencia que no es mas favorable que la oferta que se le hizo.

En cuanto a la parte demandada, el elemento de motivación en la referida regla resulta evidente. Éste, realmente, no tiene nada que perder y mucho que ganar al notificar formalmente una oferta de sentencia. Debido a que la oferta de transacción depende totalmente de su deseo o voluntad conciliatoria, el demandado que formula una oferta bajo la Regla 35.1 de Procedimiento Civil, ante, no es penalizado si el demandante que rechaza la oferta posteriormente obtiene una sentencia más favorable. Ahora bien, cuando la sentencia a favor del demandante no excede los términos de la oferta, la referida disposición reglamentaria reconoce o premia los esfuerzos conciliatorios del demandado, reembolsándole los costos y gastos de representación en que ha incurrido luego de la oferta. Debe mantenerse presente que la citada Regla 35.1 es aplicable, inclusive, a situaciones en que el tribunal, luego de que el demandante rechaza una oferta formal de sentencia del demandado, dicta sentencia *desestimatoria* de la demanda radicada. *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, ante. Ello no obstante, y conforme expresáramos en el citado caso de *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, ante, pág. 716, la referida disposición "no es operante cuando dentro del contexto de [un] caso, la oferta [hecha por el demandado] no es realista, razonable y producto de la buena fe".

 En síntesis, la Regla 35.1 de Procedimiento Civil, ante, obliga a las partes envueltas en un litigio a seriamente evaluar la posibilidad de transigir la reclamación en controversia *vis-à-vis* la probabilidad que tienen de prevalecer en el pleito y los costos y riesgos en que puedan incurrir como consecuencia de una litigación prolongada. *Marek v. Chesny*, 473 U.S. 1, 4 (1985). Bien utilizado, el procedimiento de oferta de sentencia provee un vehículo procesal efectivo para reducir los costos de la litigación civil, adelantar la pronta disposición de las reclamaciones judiciales y reducir la carga de los tribunales.

## II

Examinamos, en primer término, la juridicidad del fundamento principal aducido por el tribunal de instancia en apoyo de la resolución denegatoria que emitiera, esto es, que la disposición final de este caso mediante el trámite de sentencia sumaria hace inaplicable la citada Regla 35.1 al mismo. No hay duda que erró el foro de instancia al asumir dicha posición.

 En primer lugar, un examen de la decisión que se emitiera en *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, ante, revela que este Tribunal, cuando menos, refrendó *indirectamente* la posición contraria, esto es, que el hecho de que el caso se resuelva por sentencia sumaria no es óbice alguno para la aplicación de la Regla 35.1 de Procedimiento Civil, ante. En *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, ante, nos enfrentamos a unos hechos casi idénticos, desde un punto de vista procesal, a los que hoy están ante nuestra consideración. En el referido caso, la Hermandad Unida de Carpinteros y Ebanistas de América demandó, entre otros, a Levitt & Homes, Inc. en reclamación de daños y perjuicios alegadamente sufridos como consecuencia de un supuesto incumplimiento con el convenio colectivo otorgado entre ellos. Dos (2) días después de contestar la

demanda, Levitt & Homes, Inc. notificó a la Hermandad Unida de Carpinteros y Ebanistas de América una oferta para consentir a que se dictase sentencia en su contra por la cantidad de mil doscientos dólares (1,200). La oferta fue rechazada. Después de completarse el procedimiento de descubrimiento de prueba, el tribunal de instancia ante el cual se ventilaba el caso, dictó *sentencia sumaria* desestimando la demanda contra Levitt & Homes, Inc. Levitt & Homes, Inc. presentó entonces un memorando de costas y una moción bajo la Regla 35.1 de Procedimiento Civil, ante, para que le fueran concedidas las costas y honorarios de abogado incurridos por ella a partir del rechazo de la referida oferta. El tribunal de instancia declaró sin lugar la moción sobre los honorarios, así como ciertos renglones del memorando de costas. En apelación revocamos, no encontrando obstáculo alguno para la aplicación de la Regla 35.1, ante, a un caso resuelto por sentencia sumaria. Es cierto que el *ratio decidendi* de la decisión emitida en *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, ante, gira en torno a otro aspecto de la referida Regla 35.1, ante;([1]) igualmente correcto es el hecho de que las partes no plantearon el punto en sus respectivos alegatos. Ello no obstante, repetimos, el hecho de que el caso a nivel de instancia fuera resuelto por sentencia sumaria no constituyó obstáculo jurídico alguno que nos impidiese resolver que las disposiciones de la citada Regla 35.1 eran efectivamente aplicables a dicho caso. Hoy, de cualquier manera, no hallamos convincentes los argumentos de la demandante recurrida, Ramallo, ni los fundamentos aducidos por el tribunal de instancia en apoyo de la posición contraria.

A diferencia del tribunal inferior, *no* leemos nada en la referida Regla 35.1 que indique, como requisito

---

([1]) Como expresáramos anteriormente, en *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, 115 D.P.R. 711 (1984), resolvimos que la Regla 35.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, era aplicable a la situación en que la acción radicada por el demandante, el cual había rechazado una oferta de sentencia, era desestimada.

para su aplicación, la necesidad de la celebración de un juicio en sus méritos. La citada regla tan sólo hace referencia al acto del juicio para establecer el límite de tiempo que tiene la parte demandada en un pleito para notificar a la parte demandante una oferta de transacción. Una vez se formula en tiempo la oferta de sentencia, entonces la regla es aplicable, aunque luego se resuelva la totalidad de la controversia mediante sentencia sumaria sin llegar a juicio, pues el único requisito adicional necesario para activar la operación de la misma es que "la sentencia que obtuviere finalmente la parte a quien se le hizo la oferta no fuera más favorable ...".

▮ La Regla 43.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, define el término "sentencia" como "cualquier determinación del tribunal que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse o solicitarse revisión". Incuestionablemente, la sentencia sumaria que Ramallo obtuvo en este caso resolvió finalmente a nivel de instancia la totalidad de la controversia litigiosa entre las partes, y de ello, no cabe duda, pudo solicitarse revisión ante este Tribunal.

▮ De hecho, a la luz del propósito de la Regla 35.1 de Procedimiento Civil, ante, resolver que el procedimiento de oferta de transacción no aplica a los casos resueltos por sentencia sumaria resulta ser un contrasentido no sólo lógico, sino práctico. Ambos mecanismos procesales —esto es, la sentencia sumaria y la oferta de sentencia— intentan, en consonancia con la Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, promover "una solución justa, rápida y económica de todo procedimiento". "La sentencia sumaria tiene como propósito aligerar la tramitación de un caso permitiendo que se dicte sentencia sin necesidad de que se tenga que celebrar la vista en los méritos ...." *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 D.P.R. 714, 720 (1986); *Roig Com. Bank v. Rosario Cirino*, 126 D.P.R.

613 (1990); *Camaleglo v. Dorado Wings, Inc.*, 118 D.P.R. 20 (1986); *Vellón v. Squibb Mfg., Inc.*, 117 D.P.R. 838 (1986); *Padín v. Rossi*, 100 D.P.R. 259, 263 (1971); *Roth v. Lugo*, 87 D.P.R. 386 (1963). Si procede en derecho, la sentencia sumaria evita la celebración de un "juicio [que] en su fondo es innecesario". *Padín v. Rossi*, ante, pág. 263. Por su parte, la Regla 35.1 de Procedimiento Civil, ante, fomenta las transacciones entre las partes litigantes para evitar la prolongación innecesaria y costosa de los pleitos.

Las consecuencias de sostener la posición del tribunal de instancia serían funestas para la administración de la justicia. El demandante que notifica una oferta de sentencia realista posiblemente se abstendría de radicar una solicitud de sentencia sumaria por cuanto ello significaría que perdería el derecho a reclamar la aplicación de la Regla 35.1 de Procedimiento Civil, ante, esto es, recobrar los gastos en que incurrió con posterioridad al rechazo de su oferta. Ello posiblemente "obligaría" a los demandados a dilatar innecesariamente el proceso hasta que por la vía ordinaria, después de la celebración de un juicio en sus méritos, recayera sentencia. Dicha situación resultaría en un desvarío en la administración de la justicia por cuanto tendría la consecuencia de un aumento marcado e innecesario de los costos y gastos particulares de cada litigante, del tribunal y de la sociedad en general.

## III

En el presente caso el tribunal de instancia, mediante la sentencia sumaria que dictara, condenó a la demandada Federal Express a pagarle al demandante Ramallo la suma de cien dólares ($100). Esto es, *una cantidad exactamente igual a la suma de dinero que Federal Express le había ofrecido a Ramallo en la oferta formal de sentencia que este último rechazó.* En vista a ello, el foro de instancia entendió que no le eran aplicables al caso las disposiciones

de la citada Regla 35.1 de Procedimiento Civil por cuanto, *conforme el razonamiento del foro de instancia*, "la sentencia obtenida por la demandada [Federal Express] fue igual, pero no más favorable, que la oferta héchale al demandante" Ramallo. (Énfasis suplido.) *Exhibit* 23, pág. 138. Erró, nuevamente, el foro de instancia al así resolver.

Como ya anteriormente hemos expresado, el propósito básico de la Regla 35.1 de Procedimiento Civil, ante, es fomentar las transacciones. *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, ante. ¿Cómo "logra" este objetivo la referida disposición reglamentaria? Estableciendo o imponiéndole una sanción —consistente la misma en el pago de costas y honorarios— al demandante que, habiendo rechazado la oferta que se le hizo, finalmente no obtiene una sentencia "más favorable" que la oferta de sentencia que se le hiciera. Esta, en consecuencia, es la frase clave en dicha regla.

■ Nadie puede poner en duda que matemática y monetariamente un demandante que rechaza transigir un caso por cien dólares ($100), y luego obtiene una sentencia por noventa y nueve dólares ($99) o menos, no ha obtenido una sentencia "más favorable". Asimismo, el que rechaza esta suma y con posterioridad logra a su favor una sentencia por ciento un dólares ($101) o más, sí obtuvo una sentencia "más favorable" para propósitos de la regla. En estas situaciones, aun el escaso margen económico de dos dólares ($2) provoca consecuencias totalmente opuestas en la operación de la regla. En el primer caso el demandante "tendrá que pagar las costas, gastos y honorarios de abogado incurridos con posterioridad a la oferta" (Regla 35.1 de Procedimiento Civil, ante) y en la segunda situación no. A simple vista, la diferencia en resultado parece ser arbitraria. Sin embargo, *no* lo es.

En el derecho, constantemente se trazan líneas y se fijan puntos para establecer distinciones legales, como por ejemplo, para determinar si es de día o de noche, o si un

ciudadano es menor o adulto para fines de la aplicación de la ley penal. Vista aisladamente, sin considerar la necesidad detrás de su adopción, la línea trazada parece arbitraria. Pero cuando se piensa que *necesariamente* tiene que existir una línea o un punto que establezca una diferencia, y que no existe otra forma lógica de fijarla con exactitud y precisión, la apariencia de arbitrariedad desaparece. *La fijación del punto o el trazo de la línea responde realmente al deseo de lograr la aplicación predecible, uniforme y, por ende, más justa de la ley.*

 Pero, ¿qué sucede cuando, como en el caso de autos, la sentencia que obtiene la parte demandante que rechazó una oferta es por una *suma igual* a la de la oferta? Somos del criterio que, dada la terminología en que está concebida la Regla 35.1 de Procedimiento Civil, ante, *nunca se podría concluir que la sentencia obtenida en esas circunstancias por el demandante fue una "más favorable" que la oferta que dicha parte rechazó;* razón por la cual el demandante que rechaza la oferta viene obligado, bajo ese cuadro de hechos, a sufragar las costas, gastos y honorarios de abogado incurridos con posterioridad a la misma.

La posición que, respecto a la mencionada situación, hoy asumimos encuentra apoyo en decisiones emitidas en la jurisdicción federal. En *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 442 (9no Cir. 1982), el Tribunal Federal de Apelaciones para el Noveno Circuito condenó al pago de costas a un demandante que obtuvo por sentencia un remedio idéntico a la oferta que, *bajo la Regla 68 de Procedimiento Civil federal*, ante, le había notificado antes la parte demandada. Por su parte, en *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 356 (1981), el Tribunal Supremo de Estados Unidos abiertamente sugirió el mismo resultado cuando expresó:

> If a plaintiff chooses to reject a reasonable offer, then it is fair that he not be allowed to shift the cost of continuing the litiga-

tion to the defendant in the event that his gambles [of an offer to settle] produces an award that is less than *or equal* to the amount offered. (Énfasis suplido.)

## IV

Por último, abordamos la tercera de las interrogantes que, dados los fundamentos en que el foro de instancia basó la resolución que emitiera, "plantea" el presente recurso; esto es, si la imposición de honorarios de abogado a la parte demandante —que no obtiene una sentencia "más favorable" que la oferta de sentencia que había rechazado— está, o no, subordinada a una determinación previa de temeridad al amparo de la Regla 44.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Como indicáramos al comienzo de la ponencia, el foro de instancia contestó dicha interrogante en la afirmativa. La parte demandada peticionaria sostiene la posición contraria. Somos los primeros en reconocer que existen válidos y variados fundamentos en apoyo de las dos posiciones. Exponemos, aun cuando brevemente, algunos de dichos fundamentos.

▬▬▬ Las Reglas de Procedimiento Civil de 1979 contienen, al menos, tres (3) disposiciones *separadas y distintas* referentes a la concesión post sentencia de las costas y honorarios de abogado: las Reglas 44.1, 35.1, y 35.2 (32 L.P.R.A. Ap. III). La primera de ellas, la Regla 44.1, ante, se ocupa, en términos generales, de la concesión de costas y gastos de representación legal. El inciso (a) de la misma,[2] como ha reiterado la jurisprudencia de este Foro, traza la política básica de que "[l]as costas le serán concedidas a la parte a cuyo favor se resuelva el pleito ...". Regla 44.1 de

---

[2] En su parte pertinente, la Regla 44.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, lee:

"(a) *Su concesión.* Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación excepto en aquellos casos en que se dispusiera lo contrario por ley o por estas reglas."

Procedimiento Civil, ante. Véanse: *Garriga, Jr. v. Tribunal Superior*, 88 D.P.R. 245 (1963); *Colón v. A.F.F.*, 112 D.P.R. 693 (1982). El inciso (d) de la citada Regla 44.1([3]) establece la norma de que "[e]n nuestra jurisdicción ... la concesión o no de honorarios de abogado a [una de las partes] ... depende exclusivamente de la determinación que haga el magistrado que presidió el proceso respecto a si la parte ... o su abogado, actuaron o no en 'forma temeraria o frívola' ". (Énfasis suprimido.) *Corpak, Art Printing v. Ramallo Brothers*, 125 D.P.R. 724 (1990). "[E]l propósito fundamental ... [de esta disposición] es ... 'penalizar o sancionar' a aquellas partes que por su temeridad, obstinación, contumacia e insistencia en una actitud frívola o desprovista de fundamento, obligan a otra parte a asumir y sufrir las molestias, gastos, trabajo e inconveniencias de un litigio innecesario". (Énfasis suprimido.) *Corpak, Art Printing v. Ramallo Brothers*, ante, pág. 737; *Colondres Vélez v. Bayrón Vélez*, 114 D.P.R. 833, 842 (1983). Véanse: *Fernández v. San Juan Cement Co., Inc.*, 118 D.P.R. 713, 718 (1987); *Ramírez v. Club Cala de Palmas*, 123 D.P.R. 339 (1989).

De otro lado, la antes citada Regla 35.1 es un mecanismo procesal que tiene el propósito de evitar la litigación innecesaria. La imposición de los honorarios constituye uno de los medios provistos para lograr este objetivo. A tono con su aparente naturaleza independiente, los redactores de las Reglas de Procedimiento Civil colocaron el trámite de oferta de transacción, no como parte de la Sección de Costas y Honorarios de Abogado, sino como un "procedimiento especial" bajo la Sección de Procedimientos con Antelación al Juicio, lo que tiende a indicar que la Regla 35.1 de Procedimiento Civil, ante, tiene "vida propia y

---

([3]) El inciso (d) de la Regla 44.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, lee:

"(d) *Honorarios de abogado.* En caso que cualquier parte *haya procedido con temeridad,* el tribunal deberá imponerle en su sentencia el pago de una suma por concepto de honorarios de abogado." (Énfasis suplido.)

separada". La imposición mandatoria de los honorarios de abogado, sin la necesidad de una determinación previa de temeridad, aparenta ser la consecuencia lógica de ello. En realidad, el mecanismo de oferta de transacción no se aleja del concepto de temeridad para la imposición de honorarios de abogado. En unión a la Regla 35.2 de Procedimiento Civil, ante, relativa la misma al procedimiento de oferta de pago en casos de cobro de dinero,[4] la Regla 35.1 de Procedimiento Civil, ante, aparentemente representa una previa determinación estatutaria de que cierto tipo de conducta es temeraria per se, resultado la misma del rechazo de una oferta razonable para poner fin a un pleito en temprana etapa del mismo.

Los proponentes de la posición contraria, esto es, de que la imposición de honorarios de abogado bajo la Regla 35.1 de Procedimiento Civil, ante, *no* opera en "forma automática", señalan que nuestra tradición jurídica en lo referente al aspecto de honorarios de abogado siempre ha estado predicada en la determinación de temeridad, cuestión que siempre ha descansado en la sana discreción del tribunal sentenciador. Esto es, se aduce que la citada Regla 35.1 no puede ni debe ser interpretada de forma tal que neutralice totalmente la discreción judicial, facultad del magistrado que, en última instancia, evita la comisión de injusticias al atemperar, y hacer flexible, la aplicación de la letra fría de la ley.

Los promoventes de esta alternativa señalan, con alguna razón, que a diario en nuestros tribunales de instancia se dilucidan casos en que la parte demandante, *de buena fe*, cree que su posición y reclamo prevalecerá, resul-

---

[4] La Regla 35.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, lee:

"Cuando en el pleito *para obtener únicamente el cobro de dinero,* el demandado alegare en su contestación que antes de presentarse la demanda ofreció al demandante la suma total a que tiene derecho e inmediatamente la depositare en el tribunal y resultare que dicha alegación es cierta, el demandante no podrá cobrar costas y tendrá que pagarlas al demandado, así como también los gastos y honorarios de abogados." (Énfasis suplido.)

tado que en la mayoría de las situaciones dependerá de la determinación de credibilidad que, respecto a un testigo, haga el juzgador de los hechos. Señalan, como ejemplo, los casos de mala práctica o impericia de la medicina en que, a pesar de que la cuantía de los daños puede no estar en controversia, el resultado del caso depende exclusivamente de si el tribunal acepta o no la teoría de los peritos del demandante o de la parte demandada. En resumen, se argumenta que una interpretación de la Regla 35.1 de Procedimiento Civil, ante, como la que propone la parte demandante peticionaria puede otorgarle una indebida ventaja al litigante poderoso frente al que no lo es, resultando la misma en un freno indebido a la litigación genuina y de buena fe por cuanto puede inhibir al ciudadano que honestamente se siente perjudicado por la acción de otro y que acude al foro judicial en busca de justicia. En fin, argumentan que dicha posición es la única compatible con el *mandato* contenido en la Regla 1 de Procedimiento Civil, ante, a los efectos de que las mismas se "interpretarán de modo que garanticen una solución *justa*, rápida y económica de todo procedimiento".

▮ La solución del dilema, no hay duda, dista mucho de ser sencilla. Ahora bien, dados los *hechos particulares y específicos* del caso ante nuestra consideración, realmente *resulta innecesario que dilucidemos y resolvamos esta controversia.* Independientemente del hecho de que la imposición de honorarios bajo la Regla 35.1 de Procedimiento Civil, ante, sea una "automática y mandatoria" o que la misma tenga que ser precedida por una determinación de temeridad, somos del criterio que resulta obvio que la parte demandante recurrida actuó en forma temeraria en el presente caso, razón por la cual procede la imposición de honorarios de abogado contra ésta. Ello así por cuanto no hay duda que dicha parte, al radicar una demanda en reclamo del valor real de la mercancía que enviara a través

de Federal Express —esto es, la suma de ochomil setecientos dólares ($8,700)— actuó temerariamente por cuanto resultaba evidente que no tenía derecho a dicha suma de dinero en virtud de la "carta contrato" que suscribiera con la demandada peticionaria; "contrato" que hacía responsable a Federal Express únicamente por la suma de cien dólares ($100) a menos que el cliente *especificara* un valor mayor al poner la mercancía en manos de la referida transportista. Ramallo así no lo hizo; en vista de ello, sólo tenía derecho, como correctamente resolvió el tribunal de instancia, a la suma pactada de cien dólares ($100).

En consecuencia, y por los fundamentos antes mencionados, *procede que dejemos sin efecto la resolución recurrida y devolvamos el caso al foro de instancia para que éste dilucide y determine las sumas de dinero a que tiene derecho la demandada Federal Express por concepto de gastos, costas y honorarios de abogado al amparo de las disposiciones de la antes citada Regla 35.1 de Procedimiento Civil.*

*Se dictará sentencia de conformidad.*

Los Jueces Asociados Señor Negrón García y Señor Alonso Alonso se inhibieron.