HÉCTOR RIVERA ÁLVAREZ, demandante y peticionario, *v.* PE-
RIÓDICO EL VOCERO DE PUERTO RICO ET AL., demandados y
recurridos.

*Número:* CE-1994-738          *Resuelto:* 29 de septiembre de 2003

*Ernesto Reyes Blassino*, abogado del peticionario; *Francisco
Ortiz Santini*, abogado de los recurridos.

## SENTENCIA

El 9 de agosto de 1994, el Tribunal Superior, Sala de
Bayamón, dictó una sentencia sumaria —notificada el 15
de agosto de 1994— para desestimar en su totalidad una
reclamación por libelo y daños y perjuicios instada por el
Sr. Héctor Rivera Álvarez contra el periódico *El Vocero de
Puerto Rico* (*El Vocero*). En su dictamen, el foro de instan-
cia condenó al demandante al pago de costas y gastos, pero
sin especial condena por los honorarios de abogado.

Posteriormente, el 17 de agosto de 1994, *El Vocero* pre-
sentó un memorando de costas en el cual incluyó una par-
tida de $7,656.25 en concepto de honorarios de abogado en
virtud de la Regla 35.1 de Procedimiento Civil, 32 L.P.R.A.
Ap. III. Arguyó *El Vocero* que dicha partida era procedente
toda vez que el señor Rivera Álvarez rechazó una oferta de
sentencia que resultó ser más favorable que la finalmente
adjudicada.

Así las cosas, el 8 de septiembre de 1994 el tribunal *a
quo* emitió una orden —archivada en autos su notificación

el 14 de septiembre de 1994— en la que se aprobó el memorando de costas sometido por el señor Rivera Álvarez.

Inconforme con la imposición de honorarios de abogado, el señor Rivera Álvarez recurrió ante nos el 14 de octubre de 1994 mediante una solicitud de *certiorari*.

Examinados los señalamientos de error y los alegatos de las partes, *se expide el auto de "certiorari" y se dicta sentencia para dejar sin efecto aquella parte del dictamen recurrido que dispone el pago de honorarios de abogado conforme a la Regla 35.1 de Procedimiento Civil*, supra.

Así lo pronunció el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Corrada Del Río emitió una opinión de conformidad, a la cual se unieron los Jueces Asociados Señores Fuster Berlingeri y Rivera Pérez. La Juez Asociada Señora Naveira de Rodón concurrió con el resultado sin opinión escrita. El Juez Presidente Señor Andréu García y el Juez Asociado Señor Hernández Denton disintieron sin opinión escrita. El Juez Asociado Señor Rebollo López no intervino.

(*Fdo.*) Patricia Otón Olivieri
*Secretaria del Tribunal Supremo*

— O —

Opinión de conformidad emitida por el Juez Asociado Señor Corrada Del Río, a la cual se unen los Jueces Asociados Señores Fuster Berlingeri y Rivera Pérez.

Mediante la sentencia que hoy se certifica, modificamos una orden del Tribunal Superior de Puerto Rico, Sala de Bayamón (en adelante el TPI), que aprobó un memorando de costas que incluía los honorarios de abogado al amparo de la Regla 35.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III (en adelante Regla 35.1).

Pese a que suscribimos el dictamen que hoy se certifica, nos expresamos por separado para hacer constar nuestro

parecer sobre la naturaleza y aplicación de la referida Regla 35.1.

## I

El 18 de agosto de 1992, el Sr. Héctor Rivera Álvarez (en adelante el peticionario) instó una demanda por libelo y daños y perjuicios contra el periódico *El Vocero de Puerto Rico* (*El Vocero*), el Sr. Miguel Rivera Puig, la Sociedad de Gananciales compuesta por éste y su esposa, entre otros. En esencia, el demandante alegó que como resultado de la publicación de una foto en la edición de 21 de octubre de 1991 de dicho periódico —en la cual se confunde al peticionario con un convicto de nombre Héctor Rivera— sufrió daños a su reputación profesional y mermaron las ventas en su negocio Héctor Cash and Carry, al punto que tuvo que cerrarlo. Por tal razón, el peticionario solicitó como indemnización por los alegados daños la suma de ciento treinta y cinco mil dólares.

Tras varios trámites procesales, el 18 de enero de 1994, *El Vocero* presentó una moción de sentencia sumaria en la cual adujo que en el caso no estaban presentes los elementos que configuran la negligencia por parte de un medio informativo; que la noticia no era difamatoria como cuestión de hecho, y que no existía relación causal entre la publicación objeto de la demanda y los daños alegados. El 27 de enero de 1994, el peticionario presentó su escrito oponiéndose a la referida moción.

Posteriormente, mediante carta de 27 de abril de 1994, *El Vocero* hizo una oferta de sentencia al peticionario. Dicha carta expresaba lo siguiente:

> De conformidad con los términos de la Regla 35.1 de Procedimiento Civil, por conducto de esta misiva le formulo la siguiente oferta de sentencia. Mi cliente se allanaría a que se dicte sentencia en su contra, a cambio de que su cliente acepte la cantidad de $1,000.00 como indemnización total por los efectos que la publicación objeto de la demanda haya podido tener sobre su persona.
> Aprovecho la oportunidad para señalarle y recordarle que dicha oferta es una final y que la propia Regla 35.1 establece

el término de 10 días para que su cliente nos informe por escrito que acepta esta oferta, si tal fuera el caso. Por último, le informo que en el caso de que nuestro cliente prevalezca en este pleito, habremos de proceder a solicitar del tribunal que se le reembolsen las costas y gastos incurridos, así como una cantidad en concepto de honorarios de abogado. Apéndice III.

Esta oferta fue rechazada por el demandante mediante carta de 10 de mayo de 1994.

Así las cosas, el 9 de agosto de 1994, el TPI dictó una sentencia sumaria, notificada el 15 de agosto de 1994, en la que se desestima en su totalidad la reclamación contra *El Vocero*. Asimismo, el foro recurrido condenó al demandante al pago de costas y gastos, *pero sin especial condena por honorarios de abogado.*

No obstante, el 17 de agosto de 1994 *El Vocero* presentó un memorando de costas en el cual incluyó una partida de $7,656.25 en concepto de honorarios de abogado en virtud de la Regla 35.1, *supra.* Por su parte, el peticionario presentó un escrito titulado Objeción a Memorando de Costas, mediante el cual solicitó que no se aprobara el referido memorando. En dicho escrito, el peticionario expuso los siguientes argumentos en apoyo de su contención: (1) los honorarios de abogado no son parte de las costas de un litigio; (2) la concesión de honorarios de abogado conlleva una previa determinación de temeridad, y (3) los honorarios solicitados son excesivos, ya que la Regla 35.1, *supra*, sólo los concede contados a partir de la fecha de la oferta, hecha el 27 de abril de 1994.([1])

El TPI dictó una orden el 8 de septiembre de 1994, archivada en autos su notificación el 14 de septiembre de 1994, mediante la cual aprobó el memorando de costas y

---

([1]) Luego de la oferta de sentencia, según consta del expediente, la representación legal de *El Vocero de Puerto Rico* realizó los trabajos siguientes:

1. la toma de deposición al Sr. Félix Ramos Reyes, contador del demandante;

2. la preparación del "Escrito Suplementando la Moción en Solicitud de Sentencia Sumaria", presentado el 25 de mayo de 1994;

3. presentarse a la vista de seguimiento de 3 de junio de 1994;

4. la preparación de un memorando de costas, presentado el 17 de agosto de 1994.

declaró sin lugar la oposición. El 26 de septiembre de 1994, el peticionario presentó una moción de reconsideración, la cual fue declarada sin lugar a través de una Resolución de 5 de octubre de 1994, archivada en autos el 14 de octubre del mismo año.

Inconforme con la orden de 8 de septiembre de 1994, el peticionario acudió ante nos mediante un recurso de *certiorari*.[2] En su escrito, el peticionario adujo que el Tribunal Superior cometió los siguientes errores, a saber:

1. declarar con lugar una partida de honorarios de abogado como parte de un memorando de costas;

2. conceder al demandado una partida por concepto de honorarios de abogado sin una previa determinación de temeridad en la sentencia del 9 de agosto de 1994;

3. determinar que la Regla 35.1 de Procedimiento Civil opera automáticamente, ya que esto es contrario a nuestra tradición jurídica la cual está predicada en la determinación de temeridad;

4. conceder los honorarios de abogado, ya que los mismos son excesivos. Alegato del peticionario, págs. 3–4.

Por estar íntimamente relacionados, analizaremos conjuntamente los errores señalados.

## II

Una oferta de sentencia es una propuesta escrita que hace el demandado o la parte contra la cual se reclama a aquel que reclama, en el sentido de que el demandado se allana a que el tribunal dicte sentencia en su contra bajo

---

[2] Al momento de presentarse este recurso de *certiorari* estaba vigente la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 11 de 24 de julio de 1952, según enmendada. El Art. 5(e) de esta ley disponía lo siguiente:

"[e]l Tribunal Supremo podrá revisar mediante *certiorari*, a ser librado a su discreción, cualquier resolución u orden interlocutoria que dicte el Tribunal Superior. En estos casos, el recurso de *certiorari* se formalizará presentando una solicitud en la Secretaría del Tribunal Supremo dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden. La Secretaría del Tribunal Supremo remitirá copia de dicha solicitud a la Secretaría de la Sala del Tribunal Superior que dictó la resolución u orden objeto del recurso. El término aquí dispuesto es de cumplimiento estricto, excepto cuando mediaren circunstancias especiales debidamente sustentadas en la petición de *certiorari*." 4 L.P.R.A. sec. 37–1(e).

los términos que expone en su oferta de sentencia. R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, San Juan, Ed. Michie, 1997, Sec. 3804, pág. 268. Este mecanismo le permite a un demandado librarse de parte de las costas del pleito y de los honorarios de abogado en caso de que la sentencia no sea más favorable (al demandante) que la oferta que hizo. Véanse: *Ramallo Brothers v. Federal Express Corp.*, 129 D.P.R. 499, 508 (1991); *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, 115 D.P.R. 711 (1985).[3]

En nuestro ordenamiento, esta figura está regulada por la Regla 35.1 de Procedimiento Civil, *supra*, la cual dispone que:

> En cualquier momento antes de los diez (10) días precedentes al comienzo del juicio, la parte que se defiende de una reclamación podrá notificar a la parte adversa una oferta para consentir a que se dicte sentencia en su contra por la cantidad o por la propiedad o en el sentido especificado en su oferta, con las costas devengadas hasta ese momento. Si dentro de los diez (10) días siguientes a la notificación la parte adversa notificare por escrito que acepta la oferta, cualquiera de las partes podrá presentarla junto con la notificación de su aceptación y la prueba de su notificación, y entonces el secretario del tribunal dictará sentencia. Si no fuere así aceptada, será considerada como retirada y la misma no será admisible en evidencia, excepto en un procedimiento para determinar costas, gastos y honorarios de abogado. *Si la sentencia que obtuviere finalmente la parte a quien se le hizo la oferta no fuera más favorable, ésta tendrá que pagar las costas, gastos y honorarios de abogado incurridos con posterioridad a la oferta.* El hecho de que se haga una oferta y ésta no sea aceptada no impide que se haga otra subsiguiente. Cuando la responsabilidad de una parte haya sido adjudicada mediante sentencia pero queda aún por resolverse en procedimientos ulteriores la cuantía de los daños o extensión de dicha responsabilidad, la parte cuya responsabilidad se haya adjudicado podrá notificar una oferta de sentencia y la misma tendrá el mismo efecto que una oferta hecha antes del juicio si se notifica dentro de un término razonable no menor de diez (10) días antes del comienzo de la vista. (Énfasis suplido.)

---

[3] Véase, además, J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1979, Vol. II, pág. 177.

Podemos advertir del texto de la citada regla que su propósito primordial es promover las transacciones. *Morell v. Ojeda*, 151 D.P.R. 864 (2000); *Ramallo Brothers v. Federal Express Corp.*, supra, pág. 508; *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, supra, pág. 716. Asimismo, que ésta constituye un mecanismo procesal efectivo para disminuir los costos de la litigación, así como para agilizar la pronta disposición de las reclamaciones judiciales y reducir la carga de los tribunales. *Ramallo Brothers v. Federal Express Corp.*, supra. Ello es así toda vez que las partes se ven en la obligación de evaluar sensatamente la posibilidad de transigir la reclamación en controversia, *vis-à-vis* la probabilidad que tienen de prevalecer en el pleito y los costos y riesgos que puedan incurrir como consecuencia de una litigación prolongada. *Ramallo Brothers v. Federal Express Corp.*, supra.(⁴)

Para lograr dicho objetivo, la misma regla señala por anticipado las consecuencias para el demandante en caso de que éste rechace la oferta —a pesar de su razonabilidad— y persista innecesariamente en llevar adelante su causa de acción, obteniendo con posterioridad un remedio que no será más favorable que aquel ofrecido. Así pues, la regla establece explícitamente que, en dicho supuesto, el demandante tiene que pagar no sólo las costas y los gastos efectuados con posterioridad a la oferta presentada, sino también los honorarios de abogados en los que incurrió durante dicho período. *Morell et al. v. Ojeda et al.*, supra, pág. 9; *Ramallo Brothers v. Federal Express Corp.*, supra, pág. 517.

Por otra parte, a pesar de que la Regla 35.1, *supra*, está disponible únicamente para la parte que se defiende de una reclamación, ésta constituye, en cierto sentido, un mecanismo neutral, el cual resulta beneficioso para ambas partes. *Morell et al. v. Ojeda et al.*, supra, pág. 11. De un lado, provee un mecanismo para que la parte demandante pueda recibir una compensación en un pleito en el cual, finalmente, no hubiese recibido indemnización alguna, o hu-

---

(⁴) Véase, además, *Marek v. Chesny*, 473 U.S. 1, 4 (1985).

biera recibido una inferior a la ofrecida. Íd. Mientras que, de otro lado, permite a la parte demandada librarse de los costos de un pleito, de todos los contratiempos que ello conlleva y de poder ser responsabilizada por una suma de dinero mucho mayor a la ofrecida. Íd. Dicha disposición reglamentaria, además, resulta beneficiosa para el sistema judicial, toda vez que contribuye a la pronta solución de las reclamaciones. Íd. Por lo tanto, puede concluirse que la Regla 35.1, *supra*, provee un mecanismo para que ambas partes en el pleito evalúen los riesgos y costos del litigio y consideren seriamente la posibilidad de transigir el pleito en una etapa anterior al juicio.

En relación con la aplicación de la referida Regla 35.1, en *Morell et al. v. Ojeda et al.*, supra, una mayoría de este Tribunal resolvió que los honorarios de abogado dispuestos en ella no aplican automáticamente al recaer una sentencia más desfavorable que la ofrecida. Antes de concederlos, expresó esta Curia, el tribunal tiene que hacer una determinación de que el demandante fue temerario al no aceptar una oferta razonable. Íd., pág. 25.

Aprovecharíamos, sin embargo, la oportunidad que nos brinda este caso para modificar ligeramente lo resuelto en *Morell et al. v. Ojeda et al.*, supra, a fin de establecer que la imposición de honorarios de abogados opere *ex proprio vigore* al rechazar una *oferta razonable* bajo dicha regla. Veamos.

### III

La oferta de sentencia tiene su origen en el Art. 313 del Código de Enjuiciamiento Civil de Puerto Rico de 1904 (1904 Leyes de Puerto Rico 262), el cual, a su vez, provenía del Art. 997 del Código de Enjuiciamiento Civil de California, que posteriormente fue derogado y sustituido por la Sec. 998 de Procedimiento Civil, Cal. Civil Proc. Code Sec. 998. En lo pertinente, el citado Art. 313 disponía que "si el demandante no pudiese obtener una sentencia más favorable, no solo no podrá reclamar las costas devengadas des-

pues [sic] de la proposición, sino que tendrá que pagar las causadas por el demandado desde la fecha en qué [sic] este [sic] propuso la transacción". Es decir, la única consecuencia del rechazo de la oferta era el pago de las costas en que se incurrió luego de la proposición. Posteriormente, el Art. 313 del Código de Enjuiciamiento Civil de 1933 conservó el mismo lenguaje. 32 L.P.R.A. ant. sec. 1361.

Sin embargo, en 1943, con la promulgación de unas nuevas Reglas de Enjuiciamiento Civil, el mecanismo de la oferta de sentencia quedó preceptuado en la Regla 68 de Enjuiciamiento Civil, 32 L.P.R.A. ant. Ap. I, que disponía:

> En cualquier momento antes de los diez días precedentes al comienzo del juicio, la parte que se defiende de una reclamación podrá notificar a la parte adversa una oferta para consentir que se dicte sentencia en su contra por la cantidad o la propiedad o al efecto especificado en su oferta, con las costas hasta ese momento devengadas. Si dentro de los diez días siguientes a la notificación la parte adversa notificare por escrito que la oferta es aceptada, cualquiera de las partes podrá entonces archivarla junto con la notificación de su aceptación y la prueba de su notificación y entonces el secretario de la Corte anotará la sentencia. Si no fuere así aceptada, será considerada como retirada y la misma no será admisible en evidencia. *Si la parte adversa dejare de obtener una sentencia más favorable que la que le fue [sic] ofrecida, en ese caso no podrá recobrar costas devengadas con posterioridad a la fecha de la oferta y estará obligada a pagarlas a partir de dicha fecha, todo sin perjuicio de la concesión de honorarios de abogado si la Corte entendiere que cualquiera de las partes ha procedido con temeridad.* (Énfasis suplido.) 60 D.P.R. Ap., 56 (1942).

De una lectura de la referida regla se desprende clara y explícitamente que el cambio adoptado —el pertinente a los fines de la presente controversia— fue que se incluyó la referencia a la concesión de honorarios de abogados, la cual no constituía *per se* una sanción al rechazo de la oferta. Por el contrario, la imposición de honorarios quedaba a la discreción del tribunal, en el caso de que entendiese que alguna parte había sido temeraria. En otras palabras, la imposición del pago de honorarios era independiente del trámite de la oferta de sentencia.

No obstante, tanto en las Reglas de Procedimiento Civil

de 1958 como en las de 1979, se incluyó el mecanismo de oferta de sentencia como parte de los *procedimientos anteriores al juicio*.[5] Además, se introdujo como sanción el pago de los honorarios en que se haya incurrido como consecuencia de rechazar la oferta y se eliminó toda mención a que dicho pago sería impuesto de manera independiente en caso de que el tribunal entendiese que una de las partes hubiese actuado con temeridad durante el pleito.[6]

A diferencia de la Regla 44.1(d) de Procedimiento Civil, 32 L.P.R.A. Ap. III —que expresamente requiere una previa determinación de temeridad para la imposición del pago de honorarios de abogado—[7] la citada Regla 35.1 establece un mecanismo separado de la Regla 44.1(d), *supra*, encaminado a sancionar al demandante que rechaza una oferta de sentencia razonable, obligándole a pagar los honorarios en se haya incurrido con posterioridad a la oferta. Evidentemente, en este supuesto se penaliza al demandante por el gasto en que incurrió el oferente al verse obligado a permanecer en el pleito, a pesar de haber gestionado —de buena fe— la solución de la controversia.

Si bien ambas reglas pautan para la imposición de honorarios de abogado, la Regla 35.1, *supra*, claramente presupone que el rechazar una *oferta razonable* es una conducta temeraria *per se*. Por lo cual, la imposición del pago de honorarios de abogado es automática por proseguirse innecesariamente un pleito que pudo evitarse o concluirse en una

---

[5] Cabe señalar que, en lo pertinente, la Regla 35.1 de Procedimiento Civil de 1958 es similar a la Regla 35.1 de 1979.

[6] Véase Comité Consultivo sobre Reglas de Enjuiciamiento Civil, *Anteproyecto de Reglas de Enjuiciamiento Civil para el Tribunal General de Justicia*, San Juan, [s. Ed.], 1954, pág. 84. Allí, el Comité consultivo que redactó las Reglas de 1958 indicó que se proponía añadir "los gastos y honorarios de abogados [sic] como penalidad en adición a las costas".

[7] La Regla 44.1(d) de Procedimiento Civil, *supra*, dispone:

"(d) *Honorarios de abogado*.— En caso [de] que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta." 32 L.P.R.A. Ap. III.

etapa temprana.([8]) Todo ello contra el principio rector de las Reglas de Procedimiento Civil, dirigido a la "solución justa, rápida y económica de todo procedimiento". 32 L.P.R.A. Ap. III, R. 1.

Es decir, de lo antes expuesto se desprende que la Regla 35.1, *supra*, tiene vida propia e independiente de la citada Regla 44.1(d) de Procedimiento Civil. Incluso, como expresáramos anteriormente, la oferta de sentencia es un *mecanismo especial* dentro del capítulo de los procedimientos anteriores al juicio. Afirmar lo contrario, convierte en un ejercicio fútil la inclusión del pago de honorarios de abogado como sanción a través de la Regla 35.1, *supra.*

Por ende, de ser aplicable la citada Regla 35.1 el demandante vendrá obligado a pagar los "honorarios de abogado incurridos con posterioridad a la oferta". 32 L.P.R.A. Ap. III. La razón de esta sanción es que el demandante es responsable por los gastos —costas y honorarios— en los que de haber aceptado la oferta no hubiese incurrido. Sobre el particular, el Prof. Antonio García Padilla comenta:

> La forma en que la R. 35.1 describe el pago que contempla es significativamente distinta de la forma en que lo describe la Regla 44.1(d). Esta última, como he dicho, prescribe para la parte que ha procedido con temeridad "el pago de una suma por concepto de honorarios de abogado." Obsérvese claramente que la R.44(d) no manda que la parte temeraria satisfaga a su contraparte los honorarios de abogado incurridos por ésta; manda, en vez, al pago de una suma por concepto de honorarios de abogado.
> La R. 35.1 es distinta. Es clara al prescribir que la parte que no obtiene sentencia más favorable que la oferta "tendrá que pagar las costas, gastos y honorarios de abogado incurridos con posterioridad a la oferta." *Ahora no se trata de una suma por concepto de algo; ahora se trata de satisfacer unas partidas concretas según incurridas: las costas, gastos y honorarios de*

---

([8]) Incluso, cabe indicar que en *Meléndez v. Levitt & Sons of P.R.*, 104 D.P.R. 797, 814–815 (1976), señalamos que "en todo litigio civil, cualquier parte tiene en sus manos un instrumento efectivo para liberarse de las costas y honorarios que el concepto de temeridad conlleva en virtud de lo dispuesto en la Regla 35.1 de las de Procedimiento Civil vigentes". Igualmente, la parte que rechaza una oferta de razonable de sentencia, incurre en temeridad, sin que haya que hacer una determinación expresa a esos efectos.

*abogado.* (Énfasis suplido.) A. García Padilla, *Procedimiento Civil,* 62 Rev. Jur. U.P.R. 843, 851–852 (1993).[9]

No obstante lo anterior, reafirmamos lo señalado en *H.U.C.E. de Ame. v. V. & E. Eng. Const.,* supra, pág. 716, en cuanto a que —dentro del marco conceptual de la Regla 35.1, *supra*— "el tribunal de instancia conserva naturalmente su discreción para determinar la razonabilidad de la cuantía de honorarios que interesa cobrar el oferente". *En otras palabras, que a pesar de que como regla general la imposición de honorarios de abogado procede automáticamente de darse las condiciones dispuestas por la Regla 35.1,* supra, *el tribunal conserva su discreción para no concederlos si, a su sano juicio, la oferta de sentencia fue irrazonable.*

En cuanto al mecanismo que ha de utilizarse para cobrar los referidos honorarios, de un examen del texto de la Regla 35.1, *supra,* colegimos que ésta no dispone la forma específica para reclamarlos subsiguientemente al rechazo de la oferta. Al respecto, lo único que preceptúa la regla es que de rechazar el demandante la oferta, ésta no es admisible en evidencia salvo "en un procedimiento para determinar costas, gastos y honorarios de abogado". 32 L.P.R.A. Ap. III, R. 35.1. Como consecuencia de dicha omisión, tenemos dos alternativas para subsanarla, a saber: (1) que se incluya la partida en el memorando de costas, regido por la Regla 44.1(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III,[10] o (2) que se presente un escrito a tales fines.

Entendemos que el mecanismo más conveniente y apropiado es el de incluir la partida en concepto de honorarios de abogado en un escrito aparte, siempre y cuando éste sea

---

[9] Véase, también, M. Velázquez Rivera, *Procedimiento Civil,* 60 Rev. Jur. U.P.R. 913, 943–944 (1991).

[10] En lo pertinente, la Regla 44.1(b) de Procedimiento Civil expresa lo siguiente:

"(b) *Cómo se concederán.*— La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos durante la tramitación del pleito o procedimiento. El memorándum de costas se pre-

juramentado y sometido dentro de un término similar al dispuesto en la citada Regla 44.1(b) para la presentación del memorando de costas. Al reclamar dicha partida, el abogado del demandado tiene que suministrar un desglose de las tareas realizadas, así como las horas empleadas para gestionar tales tareas y el cargo por hora.

De este modo, el tribunal que dictó la sentencia tiene ante su consideración, dentro de los diez días de su notificación, todas las cuantías reclamadas, tanto costas como honorarios de abogado en escritos bajo juramento. Además, de estar inconforme con la cantidad reclamada como honorarios, el demandante conoce de antemano los términos y trámites específicos para impugnar dicha suma.

En el caso de marras, aunque el tribunal de instancia no siguió el procedimiento descrito, ello no implica que tengamos que anular la concesión de honorarios de abogado bajo la Regla 35.1, *supra*, por el hecho de estar incluida en el memorando de costas.([11]) No obstante, debemos examinar si bajo las circunstancias del caso de autos, se justificaba aplicar esta regla.([12]) Veamos.

---

sentará bajo juramento y consignará que según el leal saber y entender del reclamante o de su abogado, las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento. Si no hubiere impugnación, el tribunal aprobará el memorándum de costas, y podrá eliminar cualquier partida que considere improcedente, luego de conceder al solicitante la oportunidad de justificar la misma. Cualquier parte que no esté conforme con las costas reclamadas podrá impugnar las mismas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel [sic] en que se le notifique el memorándum de costas ...." 32 L.P.R.A. Ap. III.

([11]) Cabe señalar que, en aquellos casos en que el demandado reclame la partida de honorarios de abogado —bajo la Regla 35.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III— en un memorando de costas, no implica que dicha suma sea considerada como costas. En *Pérez Pascual v. Vega Rodríguez*, 124 D.P.R. 529 (1989), vía excepción, permitimos que se reclamase una partida de honorarios de abogado interlocutorios en un memorando de costas. Véase *Andino Nieves v. A.A.A.*, 123 D.P.R. 712 (1989).

([12]) El peticionario no cuestionó el que la oferta rechazada no cumpliera con los requisitos de la Regla 35.1, *supra*. A pesar de ello, en aras de impartir justicia y de no aplicar el derecho en el vacío, consideraremos —al amparo de nuestro poder inherente— dicho error patente, que hiere la retina. Véanse: *Hernández v. Espinosa*, 145 D.P.R. 248 (1998); *López Vicil v. I.T.T. Intermedia, Inc.*, 142 D.P.R. 857 (1997); *Ríos Quiñones v. Adm. Servs. Agrícolas*, 140 D.P.R. 68 (1996).

## IV

En conformidad con el texto de la Regla 35.1, *supra*, la parte que hace la oferta tiene que cumplir con ciertos requisitos para que entre en juego la figura de la oferta de sentencia y se sancione al reclamante por no haber aceptado la oferta, a saber, que

(1) el demandado, o parte cuya responsabilidad haya sido adjudicada, presente a la parte adversa una oferta en cualquier momento antes de los diez días precedentes al juicio o a la vista sobre la cuantía de los daños o extensión de dicha responsabilidad, respectivamente;

(2) dicha oferta señale que el demandado consiente a que se dicte sentencia en su contra por la cantidad, por la propiedad o en el sentido especificado en su oferta, con las costas devengadas hasta ese momento;

(3) el demandante no acepte la oferta, y

(4) el tribunal dicte una sentencia menos favorable para el demandante en comparación con la oferta realizada.

Además de los requisitos antes mencionados, en *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, supra, reiterado en *Ramallo Brothers v. Federal Express Corp.*, supra, establecimos el requisito fundamental de que al aplicar la presente regla es necesario que *la oferta sea razonable, realista y de buena fe*.

Al evaluar la razonabilidad de la oferta, el tribunal tiene que remontarse *al momento en que el demandante la recibió*. Desde ese punto de vista, el tribunal considerará la suma ofrecida *vis-à-vis* varios factores, *inter alia*: los riesgos implícitos de la litigación (la probabilidad de prevalecer en los méritos), los gastos anticipables en la preparación del caso y su complejidad. Del mismo modo, también evaluará lo avanzado del descubrimiento de prueba realizado, los honorarios de abogado en que se incurrió y las sumas concedidas en casos similares, si alguno, tomando obviamente en consideración el año y la etapa en los procedimientos que dichos casos fueron resueltos. Por otra

parte, cabe señalar que en *Martínez Fernández & Cía v. García*, 68 D.P.R. 391 (1948), adoptamos la norma de que para que una oferta conformara los requisitos de la oferta de sentencia era necesario que en ésta el demandado se obligara a pagar las costas hasta el momento en que se hizo la oferta. De lo contrario, la oferta era insuficiente. Sin embargo, en *Marek v. Chesny*, 473 U.S. 1 (1985), el Tribunal Supremo de Estados Unidos, interpretando la Regla 68 de Procedimiento Civil federal, 28 U.S.C.A., similar a la nuestra, rechazó el argumento de que el oferente tiene que detallar en la oferta, además de la cantidad que se concede como indemnización, la cantidad que cubre las costas, siempre y cuando *no se excluyan explícitamente las costas de la oferta.* Íd., pág. 6.[13] Si la oferta no incluye una cantidad para el pago de las costas, el tribunal está obligado a incluir una cantidad para su pago. Concluimos, por consiguiente, que el criterio rector es que si la oferta no incluye, pero no excluye explícitamente, las costas, la oferta es una suficiente y se entiende como buena si se cumplen los demás requisitos. Íd., pág. 7.

Ciertamente, una vez el demandante acepta la oferta, el demandado se convierte en la parte perdidosa y el tribunal está obligado a imponerle el pago de costas. *Blás v. Hospital Guadalupe*, 146 D.P.R. 267 (1998); *Auto Servi, Inc. v. E.L.A.*, 142 D.P.R. 321 (1997); *J.T.P. Dev. Corp. v. Majestic Realty Corp.*, 130 D.P.R. 456 (1992); *Garriga, Jr. v. Tribunal Superior*, 88 D.P.R. 245 (1963). El tribunal, desde luego, siempre aquilatará la razonabilidad de las partidas reclamadas en el memorando de costas.

Las decisiones del Tribunal Supremo de Estados Unidos en las que se interpretan textos idénticos sobre esta área tienen valor persuasivo. *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, supra; *Pueblo v. Dolce*, 105 D.P.R. 422, 426–428

---

[13] Nuestra regla es similar a la Regla 68 de Procedimiento Civil federal, 28 U.S.C.A. La diferencia estriba en que la regla federal es silente respecto a los honorarios de abogado, sosteniendo únicamente que "the offeree must pay the costs incurred after the making of the offer".

(1976). Adoptaríamos, por considerarla correcta, la norma establecida en *Marek v. Chesny*, supra.

Así establecida la doctrina relativa a la Regla 35.1, *supra*, nos corresponde, pues, aplicarla al caso ante nos.

## V

El primer requisito antes esbozado (la presentación de la oferta) se cumple en el caso de marras, ya que *El Vocero*, como parte demandada, hizo una oferta al demandante el 27 de abril de 1994, con más de diez días de antelación al juicio que se celebraría el 23 de mayo de 1995.

En relación con el segundo requisito (consentimiento del demandado), el demandado aceptó que se dictara sentencia en su contra por la cantidad de mil dólares como indemnización total, sin mencionar costas. Sin embargo, según resolviéramos anteriormente, el hecho de que no se mencione el pago de costas no causa que la oferta sea insuficiente. Por lo tanto, el segundo requisito está presente.

El tercer requisito (rechazo de la oferta por el demandante) aplica a los hechos ante nos. El demandante, mediante carta de 10 de mayo de 1994, rechazó la oferta de sentencia hecha por *El Vocero*.

El cuarto requisito (sentencia menos favorable) se cumplió igualmente ya que, luego de varios trámites, el tribunal de instancia dictó sentencia en la que desestimó la demanda incoada por el demandante. Es decir, que el demandante obtuvo una sentencia menos favorable en comparación con la oferta presentada por *El Vocero*. *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, supra.

Respecto al requisito de que la oferta sea razonable, realista y de buena fe, adoptado por este Tribunal en *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, supra, entendemos que la oferta de mil dólares hecha por *El Vocero* incumple con esta norma. El demandante reclamó la suma de ciento treinta y cinco mil dólares por los daños que, a su entender, le causó

*El Vocero*. Estos daños incluían el deterioro de su reputación profesional, aparte de daños por la pérdida de su negocio.

Al momento de recibir la oferta, el trámite del pleito se encontraba bastante avanzado. Entre otras cosas, se le había tomado una deposición al demandante, cada parte había sometido interrogatorios a la parte contraria, el demandante había presentado su contestación a la moción de sentencia sumaria sometida por el demandado, se había presentado el Informe sobre Conferencia Preliminar entre Abogados y, por último, ambas partes habían comparecido ante el tribunal el 29 de marzo de 1994. Por ello, la oferta por una cantidad ínfima —mil dólares— tan avanzados los procedimientos, fue irrazonable.

Examinados los requisitos necesarios para una oferta de sentencia, concluimos que no se cumplió con ellos por ser irrazonable la oferta de mil dólares. Por tal razón, no procedía que se impusieran los honorarios de abogado al amparo de la Regla 35.1, *supra*.

Por los fundamentos antes expuestos, erró el TPI al conceder a la parte demandada los honorarios de abogado al amparo de la Regla 35.1 de Procedimiento Civil, *supra*. En consecuencia, modificamos la orden emitida por dicho tribunal el 8 de septiembre de 1994 y dejamos sin efecto la imposición de honorarios de abogado a la parte demandante.