Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| DAVID REYES SANTOS<br><br>Demandante - Peticionario<br><br>v.<br><br>EL PRINCIPE DE LOS TORNILLOS, INC. Y OTROS<br><br>Demandada - Recurrida | TA2025CE00163 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil núm.: SJ2021CV01747 (808)<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de agosto de 2025.

Luego de la conclusión de un caso de daños y perjuicios, y de conformidad con lo provisto en la Regla 35.1 de las de Procedimiento Civil, *infra*, el Tribunal de Primera Instancia ("TPI") ordenó a la parte demandante pagar ciertos honorarios de abogado a la parte demandada, pues el demandante rechazó una oferta de sentencia por $5,000.00 y luego la demanda se declaró sin lugar. Según se explica a continuación, en el ejercicio de nuestra discreción, declinamos la invitación a intervenir con el dictamen recurrido.

I.

El 29 de octubre de 2024, el TPI notificó una *Sentencia* en la que se declaró *No Ha Lugar* la demanda de referencia, sobre daños y perjuicios (la "Demanda"). La Demanda fue presentada por el Sr. David Reyes Santos (el "Demandante") contra La Casa de los Tornillos, Inc. (la "Demandada").

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLAN202401069).

El 8 de noviembre, la Demandada presentó un *Memorando de Costas* y, además, una *Solicitud de Pago de Gastos y Honorarios de Abogados a tenor con la Regla 35.1 de las de Procedimiento Civil*. A través de esta última se reclamaron gastos de peritaje y honorarios de abogado, por un total de $54,006.65.

Mientras tanto, el Demandante instó un recurso de apelación (KLAN202401069); mediante una *Sentencia* de 12 de febrero de 2025, este Tribunal confirmó la sentencia apelada.

Continuados los procedimientos ante el TPI, el 8 de abril de 2025, la Demandada presentó un *Memorando de Costas Enmendado*, así como un *Suplemento de Pago de Gastos y Honorarios de Abogados a Tenor con la Regla 35.1 de las de Procedimiento Civil* (la "Moción"). Mediante la Moción, se añadieron honorarios adicionales correspondientes al trámite apelativo y, en total, se reclamó la cuantía de **$69,465.59**.

El Demandante se opuso a la Moción. En lo pertinente, arguyó que, durante una vista celebrada el 12 de septiembre de 2024, el Demandante había aceptado una oferta transaccional de $15,000.00 de la Demandada, pero que dicha oferta luego fue retirada.

La Demandada replicó. Explicó que la Regla 35.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 35.1 ("Regla 35.1"), establece un mecanismo para la imposición de honorarios de abogado, sin requerir una determinación de temeridad previa. Arguyó que, de conformidad con lo establecido en *Rivera v. El Vocero*, 160 DPR 327 (2003), se pretende "sancionar al demandante que rechaza una oferta de sentencia razonable, obligándole a pagar los honorarios incurridos con posterioridad a la oferta", debido a que rechazar una oferta es una conducta temeraria en sí misma. Además, observó que el Demandante no impugnó la oferta de sentencia realizada, los efectos del rechazo de dicha oferta, ni la razonabilidad del monto.

La Demandada señaló que el Demandante pretendió que se le reactivara la oferta transaccional que había rechazado a tan solo cuatro (4) días del juicio, lo cual catalogó como conducta temeraria y dilatoria. Por último, aclaró que la oferta de sentencia fue formalmente presentada el 17 de febrero de 2023, una vez culminado el descubrimiento de prueba, y conocidos los riesgos de no prevalecer en el litigio. Aún así, el Demandante optó por rechazar la oferta y forzó innecesariamente la continuación del litigio.

El 29 de abril, el TPI notificó una *Resolución* en la que aprobó una partida de $612.00 por concepto de las costas del pleito (el "Dictamen de Costas").

Por su parte, el 16 de mayo, el TPI notificó otra *Resolución* (la "Resolución") mediante la cual le impuso al Demandante el pago de **$10,000.00** de honorarios de abogado, a favor de la Demandada.

El 2 de junio (lunes), la Demandada solicitó la reconsideración de la Resolución; planteó que el TPI no consideró los gastos para pago de peritos, incurridos en el litigio luego de que el Demandante rechazara la oferta transaccional, y arguyó que era muy baja la cuantía concedida en cuanto a honorarios de abogado.

Mediante una Resolución notificada el 18 de junio, el TPI denegó la solicitud de reconsideración de la Demandada.

Inconforme con lo dispuesto en la Resolución, el 18 de julio, el Demandante presentó el recurso que nos ocupa; señala que el TPI cometió los siguientes dos (2) errores:

> Error Número 1
> Incurrió en error el TPI al citar como elemento de juicio para imponer honorarios de abogado a la parte demandante en el caso de autos lo resuelto por el Tribunal Supremo en el caso *Rivera v. El Vocero*, 160 DPR 327 (2003).

> Error Número 2
> En la Resolución notificada el 2 de junio de 2025, el TPI expresa que el 17 de febrero de 2023, la parte demandada le cursó una oferta de transacción a la parte demandante por la cantidad de $5,000.00. El TPI no hace referencia a las ofertas de transacción ni

contraofertas de transacción ni a las recomendaciones del TPI para llevar a cabo la transacción ni del rechazo de la parte demandada de la aceptación de la oferta de transacción por $15,000.00, después que el demandante la aceptó, en vistas transaccionales celebradas los días 26 de agosto de 2024 y 12 de septiembre de 2024.

Luego de que le ordenáramos mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar la Resolución, la Demandada presentó un alegato. Disponemos.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62, 215 DPR __ (2025) ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(E) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### III.

La norma es que el TPI puede imponer el pago de costas, gastos y honorarios a la parte que no prevalece en un pleito luego de haber rechazado una oferta de sentencia realizada de conformidad con la Regla 35.1, *supra*. La oferta de sentencia "es una proposición por escrito que hace el demandado o la parte contra la cual se reclama a aquel que reclama, en el sentido de que el demandado se allana a que el tribunal dicte sentencia en su contra bajo los términos que expone en su oferta de sentencia". R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 6ta ed., LexisNexis de Puerto Rico, 2017, sec. 3804, pág. 406.

La Regla 35.1, *supra*, establece, en lo aquí pertinente, lo siguiente:

En cualquier momento antes de los veinte (20) días precedentes al comienzo del juicio, la parte que se defiende de una reclamación podrá notificar a la parte adversa una oferta para consentir a que se dicte sentencia en su contra por la cantidad o por la propiedad o en el sentido especificado en su oferta, con las costas devengadas hasta ese momento. La oferta deberá cumplir con los requisitos siguientes:

(1) Hacerse por escrito, notificando a la parte a quien se le hace mediante correo certificado.

(2) Especificar quién hace la oferta y la parte a la que va dirigida.

(3) Establecer la cantidad, si alguna, que se ofrece por concepto de daños.

(4) Especificar la cantidad total o propiedad y condiciones ofrecidas.

(5) Establecer la cantidad por concepto de costas devengadas hasta el momento.

Si dentro de los diez (10) días siguientes a la notificación la parte adversa notifica por escrito que acepta la oferta, cualquiera de las partes podrá presentarla junto con la notificación de su aceptación y la prueba de su notificación, y entonces el Secretario o Secretaria del tribunal dictará sentencia. Si no es así aceptada, será considerada como retirada y no será admisible en evidencia, excepto en un procedimiento para determinar costas, gastos y honorarios de abogado o en un procedimiento para obligar al cumplimiento de una sentencia dictada, producto de una oferta de sentencia.

**En todo caso en que la sentencia que obtenga finalmente la parte a quien se le hizo la oferta sea igual o menos favorable, ésta tendrá que pagar las costas, los gastos y los honorarios de abogado incurridos con posterioridad a la oferta**.

[…] (Énfasis provisto).

Este mecanismo le permite a un demandado librarse de parte de las costas del pleito y de los honorarios de abogado en caso de que la sentencia sea menos favorable al demandante que la oferta realizada. *Ramallo Brothers v. Federal Express Corp.*, 129 DPR 499, 508 (1991). Dentro del contexto de cada caso, la oferta debe ser realista, razonable y producto de la buena fe. *Rivera v. El Vocero*, 160 DPR 327, 340 (2003). Véase, además: *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, 115 DPR 711, 716 (1985). El propósito primordial de la precitada Regla es promover las transacciones. *Rivera*, 160 DPR a la pág. 333; *Morell Corrada v. Ojeda*, 151 DPR 864, 874 (2000); *Ramallo Brothers*, 129 DPR a la pág. 508. Así pues, provee un mecanismo procesal efectivo para reducir los costos de la litigación, así como para agilizar la disposición de las reclamaciones judiciales y disminuir la carga de los tribunales. *Rivera*, 163 DPR a la pág. 333; *Ramallo Brothers*, 129 DPR a la pág. 510.

IV.

Examinada la totalidad del récord de este caso, concluimos que no está presente situación alguna que amerite nuestra intervención. En primer lugar, surge del récord, y no hay realmente

controversia sobre el hecho de, que la Regla 35.1, *supra*, aplica en este caso, pues se hizo una oferta de sentencia que cumplió con lo requerido en la regla, y la misma fue rechazada por el Demandante, luego de lo cual la Demanda se declaró sin lugar. Asimismo, en atención a la información contenida en la Moción, y a la totalidad del trámite del caso, consideramos razonable la cuantía de honorarios impuesta por el TPI.

En segundo lugar, y contrario a lo planteado por el Demandante, tanto la solicitud de costas, como la moción separada bajo la Regla 35.1, *supra*, se presentaron dentro del término de 10 días. Adviértase que el TPI notificó la Sentencia el 29 de octubre de 2024 y la Demandada presentó ambas solicitudes el 8 de noviembre de 2024 (entradas 152 y 153 en SUMAC). De todas formas, la solicitud bajo la Regla 35.1*, supra*, que es lo único ante nuestra consideración[2], no está sujeta al término de diez (10) días dispuesto por la Regla 44.1 de Procedimiento Civil, *supra*.

Finalmente, no tiene pertinencia, en este contexto, lo relacionado con las ofertas y contraofertas de las partes en corte abierta, según constan en las *Minutas* de las vistas celebradas el 26 de agosto y 12 de septiembre de 2024. De la *Minuta* de la vista celebrada el 26 de agosto del 2024 surge que el TPI aclaró que la suma de $15,000.00 mencionada durante la vista "surgió como consecuencia de una recomendación del propio Tribunal".[3] Asimismo, durante la vista celebrada el 12 de septiembre del 2024, se hizo alusión a que la Demandada ofreció $15,000.00 previamente, pero que dicha oferta ya no estaba sobre la mesa y que dicha parte estaba preparada para juicio.[4]

---

[2] El recurso sería tardío en la medida que pretenda impugnar el Dictamen de Costas.

[3] Véase, *Minuta*, Entrada [122], SUMAC del Tribunal de Primera Instancia.

[4] Véase, *Minuta*, Entrada [139], SUMAC del Tribunal de Primera Instancia.

Puesto de otra forma, lo anterior no altera o incide sobre los hechos dispositivos aquí pertinentes: en febrero de 2023, la Demandada hizo una oferta de sentencia, de conformidad con la Regla 35.1, *supra*, y el Demandante la rechazó. El intento del TPI para que las partes llegaran a un acuerdo durante las vistas transaccionales no guarda relación con la oferta de sentencia bajo la Regla 35.1, *supra*, que hizo la Demandada en febrero de 2023. Tampoco tiene pertinencia que el Demandante, luego de haber rechazado dicha oferta, y otra posterior más generosa, hubiese cambiado de parecer y transmitido su disposición a aceptar una oferta que ya no estaba disponible.

En fin, el TPI no abusó de su discreción, ni cometió error de derecho alguno, por lo cual, a la luz de los factores enumerados en la Regla 40 de nuestro Reglamento, *supra*, no procede que intervengamos con la Resolución.

V.

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones